**Manuel Sesario DePINEDA,
Petitioner–Appellant,**

v.

**William PRICE, Arrowhead Correctional Center, and Gale Norton, Attorney General, State of Colorado, Respondents–Appellees.**

**No. 95SA405.**

Supreme Court of Colorado,
En Banc.

April 15, 1996.

Rehearing Denied May 20, 1996.

Manuel Sesario DePineda, Cañon City, pro se.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Paul Koehler, Assistant Attorney General, Criminal Enforcement Section, Denver, for Respondents–Appellees.

Justice ERICKSON delivered the Opinion of the Court.

Manuel Sesario DePineda, appearing pro se, appeals from the orders of the Fremont County District Court dismissing his petitions for habeas corpus relief. His sole claim on this appeal is that his conviction for first-degree murder is void for want of jurisdiction because the evidence presented at trial established that the crime took place entirely in Adams County and because he was tried in the City and County of Denver by the Denver District Attorney's Office.[1] We affirm the district court's denial of relief.

---

1. DePineda's claim is one of improper venue, although he does not label it as such. *See* Colo. Const. art. II, § 16; § 18–1–202, 8B C.R.S. (1986 & 1989 Supp.).

## I

In 1989, a jury convicted DePineda of first-degree murder based on his participation in the killing of David Martinez. Denver County prosecutors tried the case in Denver District Court. Evidence at trial established that DePineda and three other members of the Denver chapter of the Brown Berets, a militant Mexican–American organization, abducted Martinez, took him to a location on the Platte River in Denver, and shot him several times. Two shots to the head killed Martinez. Martinez' corpse floated down the Platte River and into Adams County where police authorities discovered the body.

DePineda filed a direct appeal of his conviction, and the court of appeals affirmed. *People v. DePineda*, No. 88CA1900 (Colo. App. October 25, 1990) (not selected for publication). DePineda did not seek certiorari review with this court.

DePineda began filing numerous federal habeas corpus appeals and civil rights actions challenging his conviction. After his eleventh habeas corpus appeal in four years, the Tenth Circuit Court of Appeals enjoined DePineda from filing any further appeals unless he secured representation from a licensed attorney or received permission from the Chief Judge of the Tenth Circuit. *DePineda v. Hemphill*, 34 F.3d 946, 947–48 (10th Cir. 1994). Two of DePineda's federal habeas corpus appeals raised the same jurisdictional issue that is before us here. DePineda also filed numerous habeas corpus petitions with the Denver District Court. On December 7, 1994, the Denver District Court enjoined DePineda from filing any further petitions for relief in that forum.

On June 9, 1995, DePineda filed a petition for habeas corpus relief with the Fremont County District Court, which the court denied. On August 14, 1995, DePineda filed an amended petition for a writ of habeas corpus, and the Fremont County District Court again denied relief. DePineda collectively appealed the denial of his June 9, 1995, and August 14, 1995, habeas corpus petitions to the court of appeals. On December 1, 1995, the court of appeals dismissed DePineda's appeal with prejudice because that court lacked jurisdiction over writs of habeas cor-

pus. *See* § 13–4–102(1)(e), 6A C.R.S. (1987). On December 14, 1995, we vacated the court of appeals order dismissing DePineda's habeas corpus appeal with prejudice and took jurisdiction over that appeal.

## II

 As a preliminary matter, we note that DePineda's assertions of error should properly have been raised in a Crim.P. 35 motion. "A habeas corpus petition [that seeks relief available under Crim.P. 35] should be treated as a Crim.P. 35 motion based upon the substantive constitutional issues raised therein, rather than [upon] the label placed on the pleading." *White v. Denver District Court*, 766 P.2d 632, 634 (Colo. 1988) (citation and internal quotation marks omitted). Appropriate grounds for postconviction relief under Crim.P. 35 include allegations that the defendant's "conviction was obtained or sentence imposed in violation of the constitution or laws of the United States or of [Colorado]." Crim.P. 35(c)(2)(I); *see* Crim.P. 35(c)(2)(IV). Both of DePineda's habeas corpus petitions alleged that his conviction and sentence are illegal and unconstitutional. Accordingly, we conclude that the Fremont County District Court should have treated DePineda's habeas corpus petitions as Crim.P. 35(c) motions for postconviction relief. Although jurisdiction of an appeal from a Crim.P. 35(c) motion is properly vested in the court of appeals, § 13–4–102(1), 6A C.R.S. (1987 & 1995 Supp.), in the interest of judicial economy, we have elected to retain jurisdiction of DePineda's appeal. *See Turman v. Buckallew*, 784 P.2d 774, 776 (Colo. 1989); *White*, 766 P.2d at 634 n. 6.

## III

 For the reasons discussed below, DePineda's claim is not properly before us for review.

## A

 Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion. *Whittington v. Bray*, 200 Colo. 92, 613 P.2d 633, 633 (1980) (holding same in

context of habeas corpus relief). Here, De-Pineda asserts that the Denver District Court lacked jurisdiction over his case because the offense for which he was tried and convicted took place entirely in Adams County. However, DePineda failed to raise this claim in either his June 9, 1995, or August 14, 1995, petitions for habeas corpus relief which are the subject of this appeal. Accordingly, the claim is not properly postured for review.

## B

Additionally, a defendant is prohibited from using a proceeding under Crim.P. 35 to relitigate issues fully and finally resolved in an earlier appeal. *People v. Johnson*, 638 P.2d 61, 63 (Colo.1981). Moreover, a defendant is precluded from raising an issue under Crim.P. 35 if its review "would be nothing more than a second appeal." *See People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982).

On direct appeal, the court of appeals rejected the same claim of jurisdictional error asserted by DePineda on this appeal, stating that:

> Defendant's contention that the trial court lacked jurisdiction over the cause is meritless.
>
> . . . . .
>
> Defendant waived his claim of improper venue since he did not object at trial. Notwithstanding, the evidence supports the conclusion that an act in furtherance of the offense was committed in the county in which the defendant was tried. Therefore, venue was proper.

*DePineda*, slip op. at 2–3 (citations omitted). DePineda's claim on this appeal is a mere reformulation of his improper venue claim on direct appeal and, accordingly, DePineda is not entitled to postconviction relief. *See Bastardo*, 646 P.2d at 383.

## IV

For the foregoing reasons, we affirm the orders of the Fremont County District Court denying relief.