Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us.  Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 11, 2020

**2020 CO 38**

**No. 18SC630, *Yeadon v. People*—Drug Offender Surcharge—Punishment—
Imposition After Sentencing Hearing—Double Jeopardy.**

The supreme court holds that the drug offender surcharge, which is a form

of punishment, is statutorily mandated and, thus, the trial court's failure to order

it in open court rendered the defendant's sentence on his class 6 felony drug

conviction illegal and subject to correction at any time pursuant to Crim. P. 35(a).

Therefore, the trial court's imposition of that surcharge after the sentencing

hearing did not violate the defendant's rights under the Double Jeopardy Clauses

of the United States and Colorado Constitutions.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2020 CO 38

### Supreme Court Case No. 18SC630
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 15CA1811

### Petitioner:

Gerald Adrian Yeadon,

**v.**

### Respondent:

The People of the State of Colorado.

### Judgment Affirmed
*en banc*
May 11, 2020

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
Inga K. Nelson, Deputy Public Defender
  *Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
Brenna A. Brackett, Assistant Attorney General
  *Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Criminal Defense Bar:**
The Noble Law Firm, LLC
Matthew Fredrickson
  *Lakewood, Colorado*

**JUSTICE SAMOUR** delivered the Opinion of the Court.

¶1 In this case and the companion case, *Waddell v. People*, 2020 CO __, __ P.3d __, we address questions surrounding the imposition of surcharges after a sentencing hearing. Here, we hold that the drug offender surcharge, which we long ago declared a form of punishment, is statutorily mandated and, thus, the trial court's failure to order it in open court rendered Gerald Adrian Yeadon's sentence on his class 6 felony drug conviction illegal and subject to correction at any time pursuant to Crim. P. 35(a).[1] Therefore, the trial court's imposition of that surcharge after the sentencing hearing did not violate Yeadon's rights under the Double Jeopardy Clauses of the United States and Colorado Constitutions. Because we remand the case to give Yeadon an opportunity to request a waiver of the drug offender surcharge assessed, we do not reach the merits of his due process claim.

¶2 The court of appeals arrived at the same conclusion in this case. *People v. Yeadon*, 2018 COA 104, ¶¶ 2, 52–53, __ P.3d __. Accordingly, we affirm its judgment.

---

[1] We assume, without deciding, that Yeadon's sentence on his class 6 felony drug conviction was final at the conclusion of the sentencing hearing. As such, we do not address issues related to Yeadon's expectation of finality at the end of the sentencing hearing.

# I. Procedural History

¶3 A jury found Yeadon guilty of several charges, including possession of less than two grams of a controlled substance (methamphetamine), a class 6 felony at the time. At his sentencing hearing, the trial court failed to impose the drug offender surcharge as a component of the sentence on the class 6 felony drug conviction.[2] *See* § 18-19-103(1)(e), C.R.S. (2019) (providing that "each drug offender who is convicted . . . shall be required to pay a surcharge . . . in the following amount[]: . . . [f]or each class 6 felony . . . , one thousand two hundred fifty dollars[.]")[3] After the sentencing hearing, however, the court added the $1,250 drug offender surcharge on Yeadon's mittimus.

¶4 Yeadon appealed his judgment of conviction and sentence. *Id.* at ¶ 1. As relevant here, he argued that the late imposition of the drug offender surcharge violated his federal and state constitutional rights against double jeopardy. *Id.* at ¶ 2. In a unanimous, published decision, a division of the court of appeals

---

[2] For the sake of convenience, we refer to the sentence imposed on the class 6 felony drug conviction as the "sentence."

[3] It is undisputed that Yeadon is a "drug offender" for purposes of section 18-19-103(1)(e) based on his class 6 felony drug conviction for possession of methamphetamine. *See* § 18-19-102(2), C.R.S. (2019) ("'Drug offender' means any person convicted of any offense under article 18 of this title or an attempt to commit such offense as provided by article 2 of this title.").

3

disagreed. *Id.* The division acknowledged that in certain circumstances increasing a lawful sentence after it has been imposed and the defendant has begun serving it may amount to double jeopardy. *Id.* at ¶ 44. But, finding that the drug offender surcharge is mandatory under section 18-19-103(1)(e), the division held that the sentence imposed in open court was illegal and could be—indeed, had to be—corrected pursuant to Crim. P. 35(a). *Id.* at ¶ 50. Thus, ruled the division, no double jeopardy violation occurred when the court subsequently imposed the surcharge by including it on the mittimus. *Id.* at ¶ 51.

¶5 Yeadon then sought review of the division's decision. And we granted certiorari to consider whether the trial court's failure to impose the drug offender surcharge during Yeadon's sentencing hearing rendered his sentence illegal and subject to correction at any time under Rule 35(a).[4]

## II. Standard of Review

¶6 The parties assert, and we agree, that whether the sentence imposed during Yeadon's sentencing hearing was authorized by law is a question that we review

---

[4] We granted certiorari on the following issue:

> Whether a trial court's failure to impose the drug offender surcharge at sentencing as required by section 18-19-103, C.R.S. (2018), renders the sentence illegal such that it can be corrected at any time under Crim. P. 35(a).

4

de novo. *See Veith v. People*, 2017 CO 19, ¶ 12, 390 P.3d 403, 406 (recognizing that the legality of a defendant's sentence presents a question that we review de novo).

## III. Analysis

¶7 The United States Constitution provides that a person shall not "for the same offense . . . be twice put in jeopardy of life or limb." U.S. Const. amend. V. Similarly, the Colorado Constitution states that a person shall not "be twice put in jeopardy for the same offense." Colo. Const. art. II, § 18. The protective umbrella of these constitutional provisions affords shelter "against receiving multiple punishments for the same offense."[5] *Allman v. People*, 2019 CO 78, ¶ 11, 451 P.3d 826, 829. But is the drug offender surcharge considered punishment such that double jeopardy concerns may be implicated here? The answer is "yes." Almost three decades ago, we concluded that the drug offender surcharge "is properly characterized as a punishment" imposed on defendants convicted of drug offenses. *People v. Stead*, 845 P.2d 1156, 1160 (Colo. 1993).

---

[5] The Double Jeopardy Clauses "do not, however, prevent the General Assembly from authorizing multiple punishments based on the same criminal conduct." *Friend v. People*, 2018 CO 90, ¶ 14, 429 P.3d 1191, 1194. Hence, the Clauses simply embody "the constitutional principle of separation of powers by ensuring that courts do not exceed their own authority by imposing multiple punishments not authorized by the legislature." *Id.* (quoting *Woellhaf v. People*, 105 P.3d 209, 214 (Colo. 2005)).

¶8     Under some circumstances, increasing a defendant's punishment after a lawful sentence is imposed and the defendant begins serving it "violates the double jeopardy protection against multiple punishments for the same offense." *Romero v. People*, 179 P.3d 984, 989 (Colo. 2007). For purposes of this appeal, we assume, without deciding, that the trial court added the drug offender surcharge after Yeadon started serving the sentence imposed. The question that naturally follows is whether the trial court imposed a *lawful* sentence in open court. If it did, then the subsequent imposition of the drug offender surcharge may have violated Yeadon's constitutional rights to be free from multiple punishments for the same offense. But if it didn't, then no double jeopardy infringement occurred because "a sentence that is contrary to legislative mandates is illegal and may be corrected at any time by a sentencing court without violating a defendant's rights against double jeopardy." *People v. Smith*, 121 P.3d 243, 251 (Colo. App. 2005); *accord* Crim. P. 35(a) ("The court may correct a sentence that was not authorized by law . . . at any time . . . .").

¶9     The protection against double jeopardy cannot prevent the correction of a sentence that's not authorized by law. The Supreme Court has explained that the United States Constitution "does not require that sentencing should be a game in which a wrong move by the judge" in passing the sentence allows the defendant to escape punishment. *Bozza v. United States*, 330 U.S. 160, 166–67 (1947). And we

6

have likewise made clear that "[g]ranting defendants a right to benefit from illegal sentences serves no sound public policy." *People v. Dist. Court*, 673 P.2d 991, 997 (Colo. 1983). Therefore, while the Double Jeopardy Clauses may function as a shield against multiple punishments, they may never be used as a sword to enforce an illegal sentence.

¶10 Since the division found that the drug offender surcharge is statutorily mandated, it concluded that the sentence Yeadon received in open court was illegal. But Yeadon takes issue with that determination. He contends that the sentence uttered at his sentencing hearing was a legal sentence because the drug offender surcharge is discretionary, not mandatory. Thus, urges Yeadon, the trial court was authorized to forgo the imposition of the surcharge. We disagree.

¶11 Section 18-19-103(1) states that a convicted drug offender "shall be required to pay a surcharge." Like the division, we read this statutory phrase as a mandate to the trial court to impose the drug offender surcharge whenever it sentences a drug offender. As we explained in *People v. Hyde*, 2017 CO 24, ¶ 28, 393 P.3d 962, 969, the "use of the word 'shall' in a statute generally indicates [the legislature's] intent for the term to be mandatory." *See also Ryan Ranch Cmty. Ass'n v. Kelley*, 2016 CO 65, ¶ 42, 380 P.3d 137, 146 (comparing "shall" to "must" and noting that each "connotes a mandatory requirement").

¶12 Relying on subsections (6)(a) and (6)(b) of the drug offender surcharge statute, however, Yeadon insists that the surcharge cannot be deemed mandatory because the trial court has discretion to waive it. We are unpersuaded.

¶13 Subsection (6)(a) provides that "[t]he court may not waive any portion of the surcharge . . . unless the court first finds that the drug offender is financially unable to pay any portion of said surcharge." § 18-19-103(6)(a). And subsection (6)(b) states that such a finding "shall only be made after a hearing at which the drug offender shall have the burden of presenting clear and convincing evidence that he is financially unable to pay any portion of the surcharge." § 18-19-103(6)(b). To be sure, when a defendant presents clear and convincing evidence at a hearing that he lacks the financial means to pay any portion of the drug offender surcharge, the trial court is vested with discretion to waive that portion of the surcharge. But absent a subsection (6)(a) finding following a subsection (6)(b) hearing, the trial court lacks authority to waive any portion of the surcharge. Because the trial court here did not hold the necessary hearing or make the necessary finding, it had no choice but to impose the mandatory surcharge. Consequently, the sentence imposed in open court was not authorized by law. *See People v. Baker*, 2019 CO 97M, ¶ 19, 452 P.3d 759, 762 ("[A] sentence is not authorized by law within the meaning of Rule 35(a) if any of the sentence's components fail to comply with the sentencing statutes."); *Delgado v. People*,

8

105 P.3d 634, 636 (Colo. 2005) ("[I]f the sentence imposed is not in full compliance with statutory requirements it is illegal.").

¶14    We are aware that a different division of the court of appeals reached a contrary conclusion in *People v. McQuarrie*, 66 P.3d 181 (Colo. App. 2002). The division there held that "the drug offender surcharge is . . . not mandatory" and that double jeopardy principles required the trial court to impose it during the sentencing hearing "in open court." *Id.* at 183. Because *McQuarrie* is inconsistent with this opinion and *Waddell*, we now overrule it.

¶15    In sum, the sentence Yeadon received was not authorized by law because it did not include the mandatory drug offender surcharge. As such, the sentence was subject to correction by the trial court at any time pursuant to Rule 35(a) without violating Yeadon's rights under the Double Jeopardy Clauses. However, because the court corrected Yeadon's sentence by adding the drug offender surcharge outside his presence and without giving him an opportunity to ask for a waiver and receive a hearing, we remand with instructions to return the case to the trial court. On remand, Yeadon may request a waiver and ask for a hearing to show that he is financially unable to pay any portion of the drug offender surcharge.

## IV. Conclusion

¶16     We conclude that the division correctly ruled that a drug offender surcharge is mandatory and that the trial court's failure to impose it in open court rendered Yeadon's sentence illegal and subject to correction at any time under Rule 35(a). Accordingly, we affirm and remand for further proceedings consistent with this opinion.