23CA1811 Peo v Buccheri 11-07-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1811
City and County of Denver District Court No. 21CR4163
Honorable Christine C. Antoun, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Chance Buccheri,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE SULLIVAN
J. Jones and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 7, 2024

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Chance Buccheri, Pro Se

¶ 1     Defendant, Chance Buccheri, appeals the postconviction court's order denying his pro se motion for postconviction relief. We affirm.

## I.     Background

¶ 2     Based on evidence that he took a bicycle from another person at knifepoint while he was on bond in another felony case, the People charged Buccheri with aggravated robbery, violation of bail bond conditions, and a crime of violence sentence enhancer. In exchange for the dismissal of those three charges and his other felony case, Buccheri agreed to plead guilty to robbery, a class 4 felony. The parties expressly stipulated to a penalty of two to twelve years in the custody of the Department of Corrections — a sentencing range that included the entire statutory presumptive and aggravated ranges for a class 4 felony — and Buccheri "waive[d] *Blakely.*" *See Blakely v. Washington*, 542 U.S. 296, 303-04 (2004) (holding, as relevant here, that any fact that increases the maximum sentence for a crime must be admitted by the defendant or reflected in a jury verdict); *see also* § 18-1.3-401(1)(a)(V.5)(A), (6), C.R.S. 2024.

¶ 3     The district court imposed an aggravated-range sentence —

ten years in the custody of the Department of Corrections.  Nearly

one year later, Buccheri filed a pro se postconviction motion

asserting that his sentence is illegal because the district court failed

to make specific findings of extraordinary aggravating

circumstances, as section 18-1.3-401(7) requires.  The

postconviction court summarily denied this claim.  We affirm the

court's order.  *See People v. Dyer*, 2019 COA 161, ¶ 39 (We may

affirm a postconviction court's decision "on any ground supported

by the record, whether relied upon or even considered by the . . .

court.").

## II.    Discussion

¶ 4     Buccheri argues on appeal that his aggravated-range sentence

is illegal because he didn't (1) waive the requirement of judicial

factfinding or (2) stipulate that his sentence could be aggravated

based on his two prior convictions.  For three reasons, we perceive

no basis for reversal.

¶ 5     First, on the record before us, we can't conclude that

Buccheri's ten-year sentence is illegal.  Buccheri's sentence

undisputedly falls within the aggravated range permitted by the

applicable sentencing statute. Thus, on its face, his sentence is legal. *See People v. Wenzinger*, 155 P.3d 415, 418 (Colo. App. 2006) (defining "illegal sentence" as one that is inconsistent with the statutory scheme).

¶ 6 Second, because the record before us is incomplete, we can't review whether the district court violated section 18-1.3-401(7) by failing to "make specific findings on the record of the case, detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence." Although Buccheri designated the transcripts of his providency and sentencing hearings for the record on appeal, he didn't pay for them or move for state paid transcripts, and we didn't receive them. It is Buccheri's duty to provide any transcripts necessary to demonstrate the error he asserts. *See People v. Wells*, 776 P.2d 386, 390 (Colo. 1989). Because we can't review the court's findings at the sentencing hearing, we must presume that the record supports the aggravated sentence imposed. *See id.*

¶ 7 Third, even accepting Buccheri's allegations that (1) the district court imposed an aggravated-range sentence based on his prior convictions and (2) he didn't stipulate that his sentence could

be aggravated on that basis, those facts don't render his sentence illegal. If a sentencing court aggravates a defendant's sentence based on the fact of a prior conviction, such a fact is considered *Blakely*-exempt. *See Mountjoy v. People*, 2018 CO 92M, ¶ 15. Thus, the imposition of an aggravated sentence didn't require Buccheri's agreement. *See also People v. Walker*, 724 P.2d 666, 669 (Colo. 1986) (a court may, in its discretion, find extraordinary aggravating circumstances based on the character and record of the offender).

¶ 8     To the extent Buccheri's claim could be construed as an illegal manner claim because it asserts procedural flaws in the sentencing process, it's untimely because he didn't file his motion within 126 days after the court imposed his sentence. *See* Crim. P. 35(a), (b).

¶ 9     To the extent Buccheri seeks, for the first time on appeal, to challenge (1) the validity of his plea agreement; (2) any restitution order; or (3) the district court's exercise of sentencing discretion, we decline to address those issues because he didn't raise them in his postconviction motion. *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion

for postconviction relief will not be considered on appeal of the denial of that motion.").

III.   Disposition

¶ 10     We affirm the order.