24CA0068 Peo v Denny 12-12-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0068
Jefferson County District Court No. 93CR1905
Honorable Tamara S. Russell, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Daniel Lucky Denny,

Defendant-Appellant.

ORDER AFFIRMED AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE SCHUTZ
Tow and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 12, 2024

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Daniel Lucky Denny, Pro Se

¶ 1      Defendant, Daniel Lucky Denny, appeals the postconviction court's order denying his 2023 "Motion to Correct Illegal Sentence." We affirm the court's order, but we agree with the People that a remand is required to correct Denny's sentence by addressing two different statutorily mandated surcharges (a sex offender surcharge and a special advocate surcharge), and to provide him an opportunity to request a waiver of those surcharges.

## I.    Background

¶ 2      In 1994, Denny pleaded guilty to one count of first degree sexual assault, a class 3 felony. Among other things, the plea agreement stated that Denny would be required to pay a $1,000 surcharge, citing various offenses under title 18, including the class 3 felony sex offense to which Denny agreed to plead guilty. "In

addition," the plea agreement stated, Denny would be required to pay a $1,000 surcharge "pursuant to § 24-4.2-104(II)(a)."[1]

¶ 3     The sentencing court imposed a seven-year prison sentence and a $1,000 sex offender surcharge on the mittimus. It did not cite the statutory basis for the surcharge imposed, nor did it impose the required surcharge under Title 24 (known as the special advocate surcharge).

¶ 4     After two unsuccessful postconviction motions, in 2023, Denny filed a Crim. P. 35(a) "Motion to Correct Illegal Sentence." He asserted that his sentence was illegal because the sentencing court failed to announce the $1,000 sex offender surcharge in open

---

[1] It appears that the plea agreement's reference to section "24-4.2-104(II)(a)" is erroneous. No such subsection exists, either today or at the time Denny was sentenced. The intended citation appears to be section 24-4.2-104(1)(a)(II)(A), C.R.S. 1994. In addition, although it cited various statutes outlining criminal offenses, which encompassed the felony to which Denny agreed to plead, the plea agreement did not cite section 18-21-103(1)(b), C.R.S. 1994. As Denny agrees, and as explained in more detail below, that statute requires a person convicted of a class 3 felony sex offense to pay a sex offender surcharge. § 18-21-103(1)(b). We appreciate that the sex offender surcharge set forth in section 18-21-103(1)(b) has not changed since 1994 when Denny was convicted. Our normal practice in such circumstances is to cite to the current year. We have chosen to cite the 1994 iteration of the statutes cited in this opinion to avoid potential confusion.

court when it imposed his sentence. Thus, in his view, his judgment of conviction was never "final or fully valid," and he should be permitted to withdraw or reaffirm his plea.

¶ 5 The postconviction court denied the motion, finding that the alleged sentence illegality had already been corrected because the court included a $1,000 sex offender surcharge on the mittimus issued the same day that the sentence was imposed. The court also noted that, to the extent Denny did not have an opportunity to request a waiver of the surcharge, he could still do so.

## II. Discussion

¶ 6 Denny argued in his motion that his original sentence was illegal because the sentencing court failed to impose the $1,000 sex offender surcharge when it announced his sentence in open court, and relatedly, failed to advise that his guilty plea would lead to the surcharge. For the first time on appeal, Denny also asserts that the required sex offender surcharge was actually $2,000, not $1,000, and therefore his sentence was illegal irrespective of the $1,000 sex offender surcharge listed on the mittimus. *See Downing v. People*, 895 P.2d 1046, 1050 (Colo. 1995) (a defendant may raise a Crim. P.

35(a) claim for the first time on appeal). The People concede, and we agree, that this is true.

¶ 7   A court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time. Crim. P. 35(a). A sentencing court's failure to impose a statutorily mandated surcharge renders the sentence "subject to correction . . . at any time pursuant to Rule 35(a) without violating [the defendant's] rights under the Double Jeopardy Clauses." *Yeadon v. People*, 2020 CO 38, ¶ 15.

¶ 8   Since it was enacted in 1992, section 18-21-103, C.R.S. 1994, has required the imposition of a $2,000 surcharge for individuals, like Denny, convicted of a class 3 felony sex offense on or after July 1, 1992. § 18-21-103(1)(b); *see* § 18-21-102(2), C.R.S. 1994 ("'Sex offense' has the same meaning as defined in section 16-11.7-102(3), C.R.S."); *see also* § 16-11.7-102(3)(a), C.R.S. 1994 (defining first degree sexual assault as a sex offense). Thus, because Denny's sentence does not include a $2,000 sex offender surcharge, it is illegal and subject to correction at any time. *People v. Ehlebracht*, 2020 COA 132, ¶ 46 (sex offender surcharge is mandatory and the failure to impose it renders a sentence illegal and subject to

correction at any time under Crim. P. 35(a)). Accordingly, we remand the case for imposition of the required $2,000 sex offender surcharge pursuant to section 18-21-103(1)(b).[2]

¶ 9     On appeal, the People point out that, contrary to the plea agreement, the sentencing court failed to impose the statutorily mandated $1,000 special advocate surcharge under Title 24, *see* § 24-4.2-104(1)(a)(II)(A), and that Denny's sentence is illegal for this reason as well. *See People v. Wiseman*, 2017 COA 49M, ¶ 21 (The prosecution may also "request a correction of an illegal sentence, even . . . for the first time on appeal.") (citation omitted). We agree.

¶ 10     The special advocate surcharge set forth in section 24-4.2-104(1)(a)(II)(A) is mandatory and applies to Denny's crime. *See* § 24-4.2-104(1)(a)(II)(B); *Ehlebracht*, ¶¶ 45-46. If a sentence doesn't include this required surcharge, the sentence is illegal and subject to correction at any time. *Ehlebracht*, ¶¶ 45-46. Because this surcharge has not been assessed, Denny's sentence is illegal for that reason as well. Accordingly, we remand for the assessment of

---

[2] If Denny has made any payments towards the previously imposed $1,000 sex offender surcharge, such payments must be credited to the $2,000 surcharge imposed on remand.

the $1,000 special advocate surcharge and the $2,000 sex offender surcharge.

¶ 11     We note that Denny has not had an opportunity to ask for a waiver of any of the identified surcharges.  And the statutory provisions imposing each of them contain language allowing the court to waive the surcharges if it finds that the offender is indigent or financially unable to pay all or a part of the surcharges.  §§ 18-21-103(4); 24-4.2-104(1)(c).  Accordingly, we also direct the postconviction court to provide Denny the opportunity to request a waiver of all or any portion of the surcharges assessed.  *Ehlebracht*, ¶ 47; *Yeadon*, ¶ 15.

### III.   Other Claims

¶ 12     As we understand his new argument on appeal, Denny contends that because he was never advised that the sex offender surcharge would be $2,000, his guilty plea was not knowing, voluntary, and intelligent.  Thus, he argues, our remand order should instruct the postconviction court to either permit him to withdraw or reaffirm his plea after an appropriate advisement regarding that surcharge.

¶ 13    We agree with the People that this claim challenges the validity

of Denny's plea and is therefore governed by Crim. P. 35(c).  *See*

*People v. Rockwell*, 125 P.3d 410, 414 (Colo. 2005).  We likewise

agree that this particular claim was not raised in Denny's Crim. P.

35(a) motion and may not be raised for the first time on appeal.  *See*

*People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996)

("Allegations not raised in a Crim. P. 35(c) motion or during the

hearing on that motion and thus not ruled on by the

[postconviction] court are not properly before this court for

review.").

## IV.    Disposition

¶ 14    The postconviction court did not err by determining that the

sentencing court's failure to impose the sex offender surcharge in

open court rendered Denny's sentence illegal or that such illegality

could be corrected by indicating the surcharge on the mittimus.

Accordingly, we affirm that portion of the postconviction court's

order.  Nonetheless, as explained more fully above, the

postconviction court did not address the fact that the applicable sex

offender surcharge was $2,000.  Nor does the mittimus reflect the

$1,000 special advocate surcharge.  Consequently, we remand the

7

case for imposition of these two required surcharges, subject to Denny's right to request a waiver of them.

JUDGE TOW and JUDGE PAWAR concur.