24CA0981 Peo v Elvira 04-17-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0981
Douglas County District Court No. 22CR813
Honorable Ryan J. Stuart, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Juan Lucio Elvira,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 17, 2025

Philip J. Weiser, Attorney General, Jenna Baker, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee

Eric A. Samler, Alternate Defense Counsel, Hollis A. Whitson, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Juan Lucio Elvira, appeals the judgment of conviction entered on a jury verdict finding him guilty of possession with intent to distribute methamphetamine and possession with intent to distribute fentanyl.[1]  We affirm.

## I.     Background

¶ 2     Police saw Elvira enter a car that had been reported stolen. When officers attempted to block him in, Elvira rammed one of the patrol cars.  He then attempted to flee on foot before he was arrested.  As relevant to this appeal, police found 1,442 fentanyl pills (worth approximately $30,000) and 54.07 grams of methamphetamine in an unzipped backpack on the front passenger seat.

¶ 3     The prosecution charged Elvira with two counts of possession with intent to distribute a controlled substance (one count for fentanyl and one for methamphetamine) and multiple other charges not relevant to this appeal.  A jury convicted him of both possession counts.  Elvira appeals, arguing the prosecution presented

---

[1] Elvira was also convicted of, and pled guilty to, other offenses.  He does not appeal those convictions.

insufficient evidence that he knowingly possessed the drugs in the backpack.  We affirm.

## II.     Applicable Law

¶ 4      A person commits the crime of possession of a controlled substance if he knowingly possesses a controlled substance.  § 18-18-403.5, C.R.S. 2024.

¶ 5      In assessing the sufficiency of the evidence supporting a guilty verdict, we must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of guilt beyond a reasonable doubt.  *People v. Alemayehu*, 2021 COA 69, ¶ 17.  We consider all relevant evidence, both direct and circumstantial.  *People v. Yeadon*, 2018 COA 104, ¶ 20, *aff'd*, 2020 CO 38.  The prosecution must be given the benefit of every inference that may fairly be drawn from the evidence.  *Alemayehu*, ¶ 18.  Where reasonable minds could differ, the evidence is sufficient to sustain a conviction.  *Id.*

¶ 6      A conviction for possession of a controlled substance may be, and often must be, predicated upon circumstantial evidence.  *People v. Robinson*, 226 P.3d 1145, 1154 (Colo. App. 2009); *see also*

*Alemayehu,* ¶ 18 (an actor's state of mind is normally not subject to direct proof and must be inferred from his actions and the surrounding circumstances). The jury may infer knowing possession from a defendant's exclusive possession of the place where drugs are found. *Alemayehu,* ¶ 19. When that place is a car, knowledge can be inferred from the fact that the defendant is the driver and sole occupant of the vehicle. *Id.* If there is no exclusive possession, the jury can still infer knowing possession if there are other circumstances tending to buttress the inference of knowing possession. *Robinson,* 226 P.3d at 1154.

¶ 7 We review the record de novo to determine whether the evidence before a jury was substantial and sufficient to sustain a conviction. *Yeadon,* ¶ 20.

### III. Discussion

¶ 8 Elvira argues the evidence was insufficient to prove his knowledge or possession of the drugs found in the backpack because he did not have exclusive possession of the car. He points to the fact that two drink cups were found in the car's cupholders, and that bags of clothing — some of which appeared too small to fit him — were found in the back seat. He also argues that the

prosecution failed to prove knowing possession because the drugs were not in plain view and the backpack in which they were found did not contain any of his personal effects. We are not persuaded for two reasons.

¶ 9    First, the evidence suggested that Elvira was in exclusive possession of the car. He was the driver and sole occupant of the stolen car at the time of his arrest. Even if some evidence suggested that other individuals may have had access to the car at some point, this evidence was inconclusive. Elvira might have had a passenger, consumed two soft drinks, or been transporting clothes that did not belong to him for any number of reasons. *See People v. Moya*, 899 P.2d 212, 218 (Colo. App. 1994) (evidence is not rendered insufficient just because it is conflicting); *People v. Kessler*, 2018 COA 60, ¶ 13 ("[T]he possibility someone else was in the car earlier that day does not change the fact that [the defendant] was in exclusive possession of the vehicle when it was stopped and searched . . . .").

¶ 10    Second, even if Elvira had not had exclusive possession of the car, other circumstances buttress the inference that he knowingly possessed the drugs found in the backpack. The backpack was

found on the front passenger seat, next to where Elvira was seated. And based on photographs taken of the car's interior after Elvira's arrest, the bag of blue fentanyl pills was visible, poking through the open zipper. Police also found a matching blue fentanyl pill in Elvira's pocket, suggesting the pills found in the backpack were his. The three guns found inside the car, including two on the front floorboards, further suggest Elvira knew there was something of value in the car. Finally, that the car was reported stolen and Elvira was the only person seen entering it also supports the inference that he possessed the drugs found inside.

¶ 11 Viewed together and in the light most favorable to the prosecution, we conclude this evidence was substantial and sufficient to support Elvira's convictions beyond a reasonable doubt.

## IV. Disposition

¶ 12 The judgment is affirmed.

JUDGE HARRIS and JUDGE GROVE concur.