22CA1690 Peo v Madrid 05-29-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA1690
City and County of Denver District Court No. 13CR5260
Honorable Christopher J. Baumann, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

John J. Madrid,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Brown and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

Philip J. Weiser, Attorney General, Katharine J. Gillespie, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Mark G. Walta, Alternate Defense Counsel, Littleton, Colorado, for Defendant-
Appellant

¶ 1     Defendant, John J. Madrid, appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing.  We affirm.

I.     Background

¶ 2     In 2015, a jury convicted Madrid of nine counts of sexual assault on a child.  The trial court sentenced him to an indeterminate term of nine years to life in prison.

¶ 3     On direct appeal, a division of this court affirmed the convictions.  *People v. Madrid*, (Colo. App. No. 15CA0690, May 4, 2017) (not published pursuant to C.A.R. 35(e)).

¶ 4     In late 2018, Madrid timely filed a Rule 35(c) motion, asserting various claims of ineffective assistance of trial counsel and requesting the appointment of postconviction counsel.

¶ 5     In February 2019, the postconviction court ordered postconviction counsel to respond within forty-nine days as to whether it intended to represent Madrid.  *See* Crim. P. 35(c)(3)(V).  After the forty-nine-day deadline had passed, postconviction counsel responded and requested an additional 180 days to supplement Madrid's pro se motion "if necessary."  The court granted the extension.  At postconviction counsel's request, the

1

court extended the deadline two more times, making the supplement due in March 2020. But postconviction counsel missed the March 2020 deadline, filing neither a supplement nor a request for more time.

¶ 6 Nearly two years later, postconviction counsel supplemented Madrid's pro se motion. Though the supplement fell well outside the court's extended March 2020 deadline, it didn't acknowledge missing the deadline or offer an explanation for doing so. In response, the prosecution argued that the supplement was untimely and that the court should deny the pro se motion without a hearing because the claims lacked merit.

¶ 7 In a thorough written order, the postconviction court declined to consider the untimely supplement and denied Madrid's pro se motion without a hearing.

¶ 8 On appeal, Madrid contends that the postconviction court erred by (1) not questioning the effectiveness of postconviction counsel and (2) denying his pro se motion without a hearing.

## II. The Untimely Supplement

¶ 9 Madrid argues — for the first time on appeal — that the postconviction court erred by not considering "whether ineffective

assistance by postconviction counsel constituted excusable neglect or justifiable excuse" for the untimely supplement.

¶ 10    But it's undisputed that Madrid never argued to the postconviction court that he received ineffective assistance from postconviction counsel or that postconviction counsel's conduct constituted excusable neglect or justifiable excuse.[1]  And claims "not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion." *DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996); *accord People v. Cali*, 2020 CO 20, ¶ 34.  Thus, Madrid's claims regarding postconviction counsel are not properly before us, and we will not consider them for the first time on appeal.  *See Cali*, ¶¶ 35-37 (refusing to consider ineffective assistance of appellate counsel claim raised for the first time on appeal); *People v. Tennyson*, 2023

---

[1] Insofar as Madrid says the postconviction court erred by not sua sponte raising, developing, and resolving these claims, he directs us to no authority — and we aren't aware of any — that required the court to do so.  *Cf. People v. Valdez*, 178 P.3d 1269, 1274-75, 1278-79 (Colo. App. 2007) (postconviction court properly considered whether postconviction counsel's delay amounted to ineffective assistance or constituted justifiable excuse or excusable neglect after those issues were raised by the postconviction court and developed by the parties).

COA 2, ¶ 43 (refusing to address justifiable excuse arguments raised for the first time on appeal), *aff'd*, 2025 CO 31.

¶ 11    Because Madrid otherwise agrees that postconviction counsel's supplement was "unquestionably untimely," the postconviction court properly declined to consider it.[2]  *See People v. Marquez*, 2020 COA 169M, ¶¶ 23-25 (concluding the postconviction court didn't err by refusing to consider a supplemental Rule 35(c) motion filed more than two years after postconviction counsel was appointed).

### III.    The Pro Se Motion

¶ 12    Next, Madrid contends that the postconviction court erred by denying his Rule 35(c) motion without an evidentiary hearing.

¶ 13    A postconviction court may deny a Rule 35(c) motion without a hearing if the allegations are bare and conclusory; the allegations, even if true, do not warrant relief; or the record directly refutes the

---

[2] Because the postconviction court properly refused to consider the untimely supplement, we needn't address the court's conclusion that the supplement was procedurally barred because postconviction counsel filed it after the three-year window for collaterally attacking Madrid's convictions had passed.  *See People v. Duran*, 2025 COA 34, ¶ 26 ("[W]e may affirm the postconviction court's order on any ground supported by the record . . . .").

allegations. *People v. Duran*, 2025 COA 34, ¶ 15; *see also Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

¶ 14 We review de novo the denial of a Rule 35(c) motion without a hearing. *Duran*, ¶ 15.

¶ 15 Madrid contends only that the court was required hold an evidentiary hearing on his pro se motion because "there was a preliminary determination that [his] claims of ineffective assistance of trial counsel were sufficiently meritorious to warrant appointment of counsel." But the fact that the court appointed postconviction counsel to supplement Madrid's motion doesn't mean it was later required to hold a hearing. *See People v. Segura*, 2024 CO 70, ¶ 26 n.8 ("Even if, upon an initial review, the court declines to deny [a Rule 35(c)] motion outright, it may subsequently resolve the motion without a hearing after any arguably meritorious claims pursued by postconviction counsel have been fully briefed.").

¶ 16 Beyond this single point, however, Madrid doesn't explain how or why the postconviction court erred by denying his ineffective assistance claims without a hearing. He simply asserts — without any argument — that his pro se "motion set forth sufficient facts to warrant" an evidentiary hearing on his ineffective assistance of

5

counsel claims.  We don't address undeveloped and conclusory arguments.  *See Duran*, ¶ 14 n.3 (explaining that appellate courts don't address undeveloped arguments); *see also People v. Wallin*, 167 P.3d 183, 187 (Colo. App. 2007) (declining to address arguments presented in a perfunctory or conclusory manner).

¶ 17    To the extent Madrid asserts that a hearing was required "given the facts alleged in the untimely" supplement, we disagree. Having concluded that the postconviction court didn't err by refusing to consider the untimely supplement, we necessarily reject Madrid's claim that the untimely supplement "compelled" the court to hold an evidentiary hearing.

¶ 18    Madrid has therefore presented no basis to reverse the postconviction court's ruling.

IV.   Disposition

¶ 19    We affirm the order.

JUDGE BROWN and JUDGE SCHOCK concur.