24CA0922 Peo v Sanchez 10-09-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0922
Jefferson County District Court No. 17CR688
Honorable Philip J. McNulty, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Frank Junior Sanchez,

Defendant-Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE BROWN
Fox and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 9, 2025

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Frank Junior Sanchez, Pro Se

¶ 1	Defendant, Frank Junior Sanchez, appeals the district court's order summarily denying his postconviction motion and his request for appointment of postconviction counsel. We affirm.

## I.	Background

¶ 2	In February 2017, Sanchez and a friend went to Calvin Huner's house to buy three pounds of marijuana from him. After Sanchez arrived at the house, Huner borrowed Sanchez's car to pick up the marijuana. When Huner came back, he parked Sanchez's car in front of the house. Huner was followed home by Branden Sanchez[1] and four or five other people. Branden parked his car on the side of Huner's house, which was on a corner lot.

¶ 3	Huner, Branden, and Sanchez went inside the house to complete the transaction. Instead of paying Huner, however, Sanchez threatened him with a gun, grabbed the marijuana, and left the house through the garage. After Sanchez left, Huner and Branden ran out the front door and jumped off the side of the patio to go to Branden's car. As Huner was running toward the car, he was shot in the back.

---

[1] We refer to Branden Sanchez by his first name to avoid confusion, and we mean no disrespect by doing so.

¶ 4     At trial, Sanchez's theory of defense was that the police investigation was incomplete, and it was unclear who fired the gun that shot Huner.  The jury found Sanchez guilty of attempted second degree murder, first degree assault, three counts of aggravated robbery, and two counts of felony menacing.  The district court imposed a controlling sentence of twenty-eight years in the custody of the Department of Corrections.

¶ 5     On direct appeal, a division of this court affirmed Sanchez's convictions.  *People v. Sanchez*, (Colo. App. No. 19CA0920, Aug. 12, 2021) (not published pursuant to C.A.R. 35(e)).  The mandate issued on January 10, 2022.

¶ 6     In 2023, Sanchez timely filed a Crim. P. 35(c) motion alleging ineffective assistance of trial counsel.  Sanchez claimed that Huner testified at trial that he had been shot in the back while pursuing Sanchez with the intent to rob Sanchez.  Sanchez argued that because counsel failed to adequately investigate the "logistical improbability" of Sanchez shooting Huner in the back while Huner was chasing him, he was deprived of "a defense more likely to prevail."  Sanchez also asserted that counsel failed to cross-examine Huner about how Huner could have been shot in the back by

2

Sanchez while pursuing Sanchez. Sanchez also requested the appointment of postconviction counsel.

¶ 7 The district court denied the motion without a hearing, reasoning that (1) Sanchez's arguments were contradicted by the record; and (2) he failed to allege, with specificity, what further investigation or cross-examination would have revealed or how it would have undermined his convictions. Sanchez appeals.

## II. Standard of Review and Generally Applicable Law

¶ 8 We review de novo a postconviction court's denial of a Crim. P. 35(c) motion without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14.

¶ 9 A defendant is entitled to an evidentiary hearing on a Crim. P. 35(c) motion when it alleges facts that, if true, would entitle the defendant to relief. *People v. Simpson*, 69 P.3d 79, 81 (Colo. 2003). A postconviction court may deny a Crim. P. 35(c) motion without a hearing when the defendant's allegations are bare and conclusory; the allegations do not warrant postconviction relief, even if true; the claims raise only an issue of law; or the record directly refutes the defendant's allegations. *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005).

¶ 10 When a pro se defendant files a Crim. P. 35(c) motion that includes a request for counsel, the trial court has two options:

> First, it may conclude, based on its review of the motion, the record, and the file, that *none of the claims* has arguable merit, in which case it must deny the motion *in its entirety* without further action by entering written findings of fact and conclusions of law. Second, it may conclude, based on its review of the motion, the record, and the file, that *at least one claim* has arguable merit, in which case it must grant the request for postconviction counsel and forward *a complete copy* of the motion to the prosecution and the [Office of the Public Defender].

*People v. Segura*, 2024 CO 70, ¶ 7.

¶ 11 We broadly construe pleadings filed by unrepresented litigants "to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5. But we will not rewrite an unrepresented litigant's pleadings or act as their advocate. *Cali*, ¶ 34. And we will not consider issues that were not raised before the postconviction court in a motion for postconviction relief. *Id.*; *see DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion.").

4

### III. The District Court Did Not Err by Summarily Denying Sanchez's Postconviction Motion

¶ 12    Sanchez contends that the district court erred by denying his claims of ineffective assistance of counsel without conducting a hearing. We disagree.

¶ 13    Both the United States and Colorado Constitutions guarantee a criminal defendant the right to effective assistance of counsel. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16. To succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, in that it fell below the minimum standard guaranteed by the Sixth Amendment; and (2) the defendant was prejudiced, in that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984); *Dunlap v. People*, 173 P.3d 1054, 1063 (Colo. 2007). "Only where both the performance prong and the prejudice prong have been proven will a defendant be entitled to postconviction relief because of the ineffective assistance of counsel." *Dunlap*, 173 P.3d at 1063.

¶ 14     Sanchez's arguments are premised on his assertion that Huner admitted he was chasing after Sanchez to rob him when Huner was shot in the back. But as the district court concluded, the record contradicts this assertion.

¶ 15     Instead, Huner testified that, after Sanchez fled through the garage, Huner ran out the front door, "jumped over the patio," and ran across the grass to Branden's car, which was parked on the street on the side of Huner's house, to "figure out the next move." Huner also said that the last place he saw Sanchez's car was where he had parked it in front of the house. Although Huner was not sure if the car had moved, the police later found a bullet casing in that area, and Huner said the sound of the gunshot came from behind him, where Sanchez's car had been parked. Huner also testified that although "[t]here was, like, an idea out there that [Sanchez] should have got robbed," Huner "didn't want that to happen" and never attempted to rob Sanchez.

¶ 16     True, Huner did not dispute defense counsel's phrasing on cross-examination that he "chased after [Sanchez]," but Huner never said that he ran *toward* Sanchez. Some of the individuals who had been waiting outside during the transaction also testified

that Huner was running away from the house toward Branden's car when he was shot. And the only person who was seen with a gun was Sanchez.

¶ 17    We conclude, as did the district court, that the record contradicts Sanchez's assertion that Huner's testimony created a "logistical improbability" that Sanchez shot Huner in the back. Consequently, Sanchez failed to set forth facts that, if true, demonstrated that counsel performed deficiently by not pursuing that defense. *See Simpson*, 69 P.3d at 81; *Venzor*, 121 P.3d at 262.

¶ 18    Sanchez's postconviction motion also failed to allege what additional investigation counsel should have undertaken — namely, what "facts" that investigation would have revealed or how further cross-examination of Huner would have altered the outcome of the case. Sanchez's vague and conclusory assertion that counsel should have investigated the "facts," without more, did not justify a hearing on his motion. *See Venzor*, 121 P.3d at 262 ("[I]f the claims are bare and conclusory in nature, and lack supporting factual allegations, the motion may also be denied without a hearing.").

¶ 19    On appeal, Sanchez raises several arguments for the first time, including that counsel were ineffective because they (1) had a

7

conflict of interest; (2) presented a defense that admitted guilt on at least one charge; (3) failed to investigate Huner's medical records, which Sanchez asserts would have shown that Huner had been shot in the front and that he had opiates and THC in his system; (4) failed to cross-examine the emergency room doctor who treated Huner about whether Huner was shot in the front or back; and (5) failed to meet with a witness who had exculpatory evidence. Because Sanchez did not raise these claims in his Crim. P. 35(c) motion, we decline to address them. *See Cali*, ¶ 34; *DePineda*, 915 P.2d at 1280.

¶ 20     We also reject Sanchez's contention that the district court should have given him an opportunity to amend his postconviction motion before denying it. Sanchez cites *Reynoldson v. Schillinger*, 907 F.2d 124, 126 (10th Cir. 1990), and *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998), but these cases do not apply because they are civil cases analyzing the right to amend a complaint filed under 42 U.S.C. § 1983. The People argue that the only instance in which a court should allow an amendment to a Crim. P. 35(c) motion is to give a defendant the opportunity to substantially comply with "Form 4," which is a standard form for

postconviction relief included in the appendix to the Colorado Rules of Criminal Procedure. *See* Crim. P. 35(c)(3)(II); Crim. P. Form 4; *see also People v. Stanley*, 169 P.3d 258, 260 (Colo. App. 2007) (explaining that a trial court should return the defendant's Crim. P. 35(c) motion with a blank Form 4 if the motion fails to substantially comply). Those circumstances are not present here either. Sanchez does not cite, and we are not aware of, any other authority that entitles him to cure deficiencies in his Crim. P. 35(c) motion.

¶ 21    Thus, we conclude that the district court did not err by denying Sanchez's postconviction motion without conducting a hearing. *See Venzor*, 121 P.3d at 262.

### IV.    The District Court Did Not Err by Denying Sanchez's Request for Postconviction Counsel

¶ 22    Sanchez contends that the district court erred by denying his request for postconviction counsel.[2] Because the district court correctly concluded that Sanchez was not entitled to relief on his Crim. P. 35(c) motion, however, it was not required to appoint

---

[2] We reject Sanchez's contention that the district court violated Colorado Code of Judicial Conduct Rule 2.7 by "ignoring" his request for postconviction counsel because the court necessarily denied the request for counsel when it summarily denied the Crim. P. 35(c) motion.

postconviction counsel.  *See* Crim. P. 35(c)(3)(IV); *Segura*, ¶ 7. Thus, we perceive no error.

¶ 23    To the extent Sanchez argues that the court should have appointed him counsel due to his limited cognitive abilities, we do not address this argument because it was raised for the first time on appeal.  *See Cali*, ¶ 34; *DePineda*, 915 P.2d at 1280.

## V.    Disposition

¶ 24    We affirm the district court's order denying Sanchez's postconviction motion and his request for postconviction counsel.

JUDGE FOX and JUDGE MEIRINK concur.