25CA0439 Peo v Medina 04-30-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0439
Boulder County District Court No. 13CR591
Honorable Dea M. Lindsey, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Delano Marco Medina,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE LUM
J. Jones and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 30, 2026

---

Philip J. Weiser, Attorney General, Brock J. Swanson, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Delano Marco Medina, Pro Se

¶ 1    Defendant, Delano Marco Medina, appeals the district court's order denying his two most recent postconviction motions.  We affirm.

## I.    Background

¶ 2    As part of a global plea disposition resolving this case and another case in Lake County, Medina pleaded guilty to forgery, a class 5 felony.  He stipulated to a two-year sentence in the custody of the Department of Corrections (DOC) to run consecutively to a one-year DOC sentence in the Lake County case.

¶ 3    On January 29, 2014, the district court accepted the parties' proposed plea agreement and imposed the stipulated sentence.  The court stayed the execution of the two-year sentence until the Lake County sentencing hearing roughly a month later, "at which time [Medina was required to] report to Lake County Court to be taken into custody."  Medina failed to appear for sentencing in Lake County and was arrested in December 2014, nearly a year after he was sentenced in this case.

¶ 4    Thereafter, Medina filed a series of postconviction motions and appeals.  *See People v. Medina*, (Colo. App. No. 21CA0071, Mar. 10, 2022) (not published pursuant to C.A.R. 35(e)) (*Medina I*); *People v.*

1

*Medina*, (Colo. App. No. 23CA0263, Dec. 21, 2023) (not published pursuant to C.A.R. 35(e)) (*Medina II*).

¶ 5 In 2024, Medina filed the two postconviction motions at issue in this appeal: (1) a motion alleging that the sentencing court stayed his sentence in violation of section 18-1.3-401(11), C.R.S. 2025; and (2) a motion alleging that his conviction must be vacated because his plea agreement illegally called for a two-year sentence when a three-year sentence was required.

¶ 6 In a written order, the district court denied both postconviction motions. The court concluded that the issue of whether the stay of Medina's sentence was unlawful was successive because it had been raised and resolved in *Medina I.* And the court declined to correct any purported illegality in Medina's sentence because Medina had already "acquiesced" to a sentence that was "less than what he alleges he should have been sentenced to."

## II. Standard of Review

¶ 7 We review de novo the district court's order denying Medina's postconviction motions. *See People v. Cali*, 2020 CO 20, ¶ 14 (the denial of a Crim. P. 35(c) motion without an evidentiary hearing is

2

reviewed de novo); *Yeadon v. People*, 2020 CO 38, ¶ 6 (the legality of a sentence is reviewed de novo).

### III.   Analysis

¶ 8      On appeal, Medina appears to concede that his two-year sentence in this case was legal.  Nevertheless, he contends that his conviction must be vacated because (1) the global plea agreement called for an illegal sentence in the Lake County case; and (2) the illegal plea agreement "materially and impermissibly induced" him to plead guilty, and therefore his plea and sentence in both cases are "invalid and void."  We are not persuaded.

¶ 9      First, because it isn't before us for review, we will not comment on the legality of the sentence in the Lake County case.  *See People v. Henry*, 2013 COA 104M, ¶ 14 (declining to address a sentence from a case that was not part of the appeal).  Second, because Medina no longer claims that his sentence in this case is illegal, his only remaining argument is that his guilty plea should be vacated because he was induced to plead guilty by the offer of the purportedly illegal Lake County sentence.  This claim is cognizable only under Crim. P. 35(c).  *See People v. Rockwell*, 125 P.3d 410, 414 (Colo. 2005) ("[M]otions that challenge the validity of a

defendant's plea or the manner in which it was taken are properly brought under Crim. P. 35(c)."). Because the inducement argument wasn't presented to the district court, we won't consider it. *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion.").

¶ 10    Next, Medina contends that because he was "sentenced pursuant to a mandatory sentencing provision" the district court "lacked the authority" to stay the execution of his sentence. But *Medina I* and *Medina II* both previously rejected the claim that the district court's stay of execution rendered Medina's two-year sentence unauthorized by law or rendered illegal the manner in which it was imposed. *Medina I*, No. 21CA0071, slip op. at 5-6; *Medina II*, No. 23CA0263, slip op. at 4-5. This determination is law of the case, and we see no reason to depart from it. *See People v. Tolbert*, 216 P.3d 1, 5 (Colo. App. 2007) (successive postconviction claims under Crim. P. 35(a) are subject to the law of the case doctrine).

¶ 11    We also decline to address Medina's claim that he was "impermissibly induced to enter a plea to an illegal sentence by

4

being offered a stay that was statutory unavailable to him." The substance of this claim sounds in Crim. P. 35(c), *see Rockwell*, 125 P.3d at 414, and Medina didn't advance it in his postconviction motion. Accordingly, we don't address it. *See DePineda*, 915 P.2d at 1280.[1]

## IV. Disposition

¶ 12    The order is affirmed.

JUDGE J. JONES and JUDGE MEIRINK concur.

---

[1] Even if Medina had raised this claim below, we note that it would have been filed more than three years after his conviction. *See* § 16-5-402(1), C.R.S. 2025.