**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Juan BASTARDO, Defendant-Appellant.**

**No. 81SA470.**

Supreme Court of Colorado, En Banc.

June 7, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John T. Hyland, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Elizabeth A. Joyce, Deputy State Public Defender, Denver, for defendant-appellant.

ERICKSON, Justice.

Juan Bastardo was convicted of the first-degree murder of Robert A. Rivera and of the second-degree murder of Mike Armijo.

His convictions were affirmed on appeal. *People v. Bastardo*, 191 Colo. 521, 554 P.2d 297 (1976). He now appears before us seeking relief in a post-conviction proceeding pursuant to Crim.P. 35(b), and asserts that Colo.Sess.Laws 1972, ch. 44, 39–10–201 at 238 (now section 16–10–201, C.R.S.1973) (1978 Repl.Vol. 8), is unconstitutional as *ex post facto* legislation.

His initial appeal to this Court questioned the constitutionality of section 39–10–201, which relates to impeachment of a witness, and raised a number of asserted constitutional infirmities in the statute. Six years after we initially upheld the constitutionality of the statute, Bastardo now claims that his conviction should be set aside because of constitutional violations of Article I, section 10 of the United States Constitution and Article II, section 11 of the Colorado Constitution.[1]

 The trial court, in reviewing the defendant's claim for post-conviction relief, dismissed his claim on two grounds. First, post-conviction relief was not warranted because the issues raised were available for review when the case was reviewed on the appeal. We agree with the trial court. Review at this time would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory. *See People v. Hubbard*, 184 Colo. 243, 519 P.2d 945 (1974); *People v. Scheer*, 184 Colo. 15, 518 P.2d 833 (1974).

■ In addition, the trial court concluded that there was no *ex post facto* infirmity in the statute because, as the Supreme Court of the United States declared in *Thompson v. Missouri*, 171 U.S. 380, 387, 18 S.Ct. 922, 924, 43 L.Ed. 204 (1898), the legislation "did not enlarge the punishment to which the accused was liable when his crime was committed, nor make any act involved in his offense criminal that was not criminal at the time he committed the murder of which

he was found guilty. It did not change the quality or degree of his offense."

The trial court was correct in declaring that post-conviction relief was not available to the defendant to raise the issues asserted, and also properly concluded that the *ex post facto* claim of unconstitutionality was not well-founded.

Accordingly, we affirm.

---

1. Article I, section 10 of the United States Constitution declares in pertinent part:

"No State shall ... pass any ... ex post facto law."

Article II, section 11 of the Colorado Constitution provides:

"No ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges, franchises or immunities, shall be passed by the general assembly."