**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Anthony SANCHEZ, Defendant–Appellant.**

No. 86CA0605

Colorado Court of Appeals, Div. III.

Jan. 21, 1988.

As Modified on Denial of Rehearing Feb. 4, 1988.

Certiorari Denied April 4, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Convicted of first degree assault and simple robbery, the defendant, Anthony Sanchez, appeals. We affirm.

His principal contention of error is that, because the injuries to the victim did not

entail a substantial risk of death, the trial court erred in allowing the jury to consider the first degree assault charge. We find no error.

## I.

■ The victim was stabbed four times. One wound, in the abdomen, lacerated the victim's liver. His stomach cavity was opened to check on this laceration, but no actual treatment was necessary because the wound was not bleeding. The treating physician testified that 62% to 95% of untreated liver lacerations result in death. This testimony was sufficient to allow the issue of whether there was a substantial risk of death to the victim to be submitted to the jury. *See Stroup v. People*, 656 P.2d 680 (Colo.1982). *See also People v. Thompson*, 748 P.2d 793 (Colo.1988). The jury was instructed on second and third degree assault, but convicted defendant of first degree assault, thus indicating that it rejected the argument that the victim did not face a substantial risk of death.

## II.

■ Also without merit is defendant's contention that the court erred in denying his request for a mistrial.

The defendant did not appear on the third day of trial. His attorney sought a mistrial because defendant had not been informed of his right to testify as required by *People v. Curtis*, 681 P.2d 504 (Colo. 1984). We hold that by voluntarily absenting himself from the trial at the time appropriate for a *Curtis* advisement, the defendant waived his right to the advisement, and his right to testify. To reach a contrary result would allow a defendant who is free on bond to determine whether a trial is going well for him or not, and then to force a mistrial by not appearing if he is not satisfied with its progress. *See People v. Thorpe*, 40 Colo.App. 159, 570 P.2d 1311 (1977).

## III.

The defendant's final contention of error, that the victim's in-court identification of him should have been suppressed is not supported by the record.

The judgment is affirmed.

BABCOCK, J., concurs.

TURSI, J., concurs in part, and dissents in part.

TURSI, Judge, concurring in part and dissenting in part.

I concur as to Parts II and III of the majority opinion, but respectfully dissent from Part I.

The majority misreads *Stroup v. People*, 656 P.2d 680 (Colo.1982). In *Stroup*, the court held: "The plain language of the 'serious bodily injury' and 'bodily injury' definitions focuses on the injury the victim *actually suffered* rather than the risk to the victim posed by the defendant's conduct." (emphasis supplied) When injury is caused by use of a deadly weapon it is the resultant severity of the injury inflicted which creates a rational basis for the escalated penalties imposed upon first degree assault over those imposed for second degree assault. *See People v. Martinez*, 189 Colo. 408, 540 P.2d 1091 (1975).

Here, although the evidence disclosed that generic liver lacerations generally involve a substantial risk of death, the specific injury actually suffered by the victim in this case did not involve any such risk. Rather, the injury actually sustained by the victim had healed itself prior to the exploratory surgery. Further, the People's testimony, taken in its most favorable light, established an injury "that was neither critical nor life threatening." Therefore, as a matter of law, the charge of first degree assault should have been dismissed.

Thus, in accordance with *Stroup* and the evidence in this case, I would reverse the conviction for first degree assault and remand the case to the trial court for imposition of sentence on guilty of second degree assault.