24CA0295 Peo v Myers 10-09-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0295
Jefferson County District Court No. 16CR1251
Honorable Ryan P. Loewer, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Zachary Vincent Myers,

Defendant-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE BROWN
Fox and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 9, 2025

---

Philip J. Weiser, Attorney General, Melissa D. Allen, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Zachary Vincent Myers, Pro Se

¶ 1    Defendant, Zachary Vincent Myers, appeals the postconviction court's order denying his Crim. P. 35(c) motion.  We affirm.

## I.    Background

¶ 2    In 2016, Myers was charged with numerous offenses related to his sexual assault of a fourteen-year-old victim and his repeated contact with her over social media and text.  A jury found Myers guilty of sexual assault (overcoming the victim's will), sexual assault on a child, enticement of a child, stalking (credible threat), stalking (emotional distress), sexual exploitation of a child, internet sexual exploitation of a child, third degree assault, and false imprisonment.  The district court sentenced him to a controlling indeterminate term of eighteen years to life in prison.

¶ 3    Myers directly appealed his conviction, and a division of this court affirmed.  *People v. Myers*, (Colo. App. No. 18CA0484, June 24, 2021) (not published pursuant to C.A.R. 35(e)) (*Myers I*).  As relevant here, the division rejected Myers's contentions that the district court erred by denying (1)  his motion to suppress statements he made to the police during a custodial interrogation and (2)  his motion for substitute counsel.  *Id.* at ¶¶ 13, 25, 81.  The mandate was issued on December 7, 2021.

1

¶ 4    In January 2023, Myers timely filed a Crim. P. 35(c) motion for postconviction relief. He asserted claims of (1) "police misconduct"; (2) "judicial misconduct"; (3) ineffective assistance of trial counsel; and (4) cumulative error stemming from ineffective assistance of trial counsel. He also requested a proportionality review of his sentence, asserting that he was "sentenced under misinformation." And he asked the court to appoint postconviction counsel. In a detailed order, the postconviction court denied Myers's motion without conducting a hearing.

## II.    Discussion

¶ 5    Myers contends that the postconviction court erred by denying his Crim. P. 35(c) motion without a hearing.[1] We disagree.

---

[1] We broadly construe pleadings filed by unrepresented litigants "to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5. But we will not rewrite an unrepresented litigant's pleadings or act as their advocate. *People v. Cali*, 2020 CO 20, ¶ 34. And we will not consider issues that were not raised in a motion for postconviction relief. *Id.*; *see DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion.").

## A.    Standard of Review

¶ 6     We review de novo the denial of a Crim. P. 35(c) motion without a hearing.  *People v. Cali*, 2020 CO 20, ¶ 14.  A defendant need not provide evidentiary support for the allegations in such a motion but must assert facts that, if true, would provide a basis for relief.  *White v. Denver Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988).  A Crim. P. 35(c) motion may be denied without an evidentiary hearing where the motion, files, and record clearly establish that the defendant's allegations are without merit and do not warrant relief.  *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).  A court also may summarily deny a Crim. P. 35(c) motion if the defendant's allegations are conclusory, vague, or lacking in detail.  *People v. Chipman*, 2015 COA 142, ¶ 25.

## B.    "Police Misconduct" and "Judicial Misconduct" Claims

¶ 7     In his Crim. P. 35(c) motion, Myers argued that the police committed misconduct when they (1) seized his cell phone in violation of his Fourth Amendment rights and (2) interrogated him without a valid waiver of his *Miranda* rights.  He also argued that the district court engaged in misconduct by (1) not suppressing the evidence recovered from the unconstitutional search of his cell

phone; (2) not suppressing the statements he made during the interrogation; and (3) denying the appointment of substitute counsel.[2]

### 1.    Cell Phone Seizure Claim

¶ 8     The postconviction court denied Myers's cell phone seizure claim (framed as "police misconduct" and as "judicial misconduct") as successive because it had been raised and resolved in the direct appeal of a separate but related case, Weld County Case No. 16CR511.  *See People v. Myers*, (Colo. App. No. 18CA1521, Aug. 4, 2022) (not published pursuant to C.A.R. 35(e)) (*Myers II*).  In that appeal, the division rejected Myers's claim that the same seizure of his cell phone violated his Fourth Amendment rights.  *See id.* at ¶¶ 29-39.  Evidence leading to Myers's arrest in the underlying case was discovered during a search of the seized cell phone.

---

[2] Myers also alleged that the district court engaged in misconduct by responding to a juror question during deliberations regarding his knowledge of the victim's age and by admitting certain testimony from the victim "that she knew about the defendant and the story from the news."  Because Myers does not raise these issues on appeal, we deem them abandoned.  *See People v. Hunsaker*, 2020 COA 48, ¶ 10, *aff'd*, 2021 CO 83.

¶ 9    On appeal, Myers asserts that the postconviction court violated Crim. P. 35(c)(3)(IV) when it relied on the Weld County appeal to deny his cell phone seizure claim as successive.[3]  Under Crim. P. 35(c)(3)(IV), "[i]f the motion and the files and record of the case show to the satisfaction of the court that the defendant is not entitled to relief, the court shall enter written findings of fact and conclusions of law in denying the motion."  Myers argues that the phrase "the motion and the files and record of the case" limits the materials a court can review to the motion, files, and record in *the underlying case.*

¶ 10    But Crim. P. 35(c)(3)(VI) states that a court must deny any claim as successive "that was raised and resolved in a prior appeal . . . on behalf of the same defendant."  Whether Myers's Fourth Amendment rights were violated by the police's seizure of

---

[3] He also argues that the postconviction court violated Crim. P. 35(c)(3)(IV) because it cited an appeal involving another defendant with the same last name: case number 16CA1153.  *See People v. Myers*, (Colo. App. No. 16CA1153, Mar. 29, 2018) (not published pursuant to C.A.R. 35(e)).  Although the postconviction court cited 16CA1153, it undoubtedly referred to the claims Myers raised in *Myers I* and in the Weld County appeal.  The postconviction court's citation to 16CA1153 appears to be a mistake; the court did not substantively rely on 16CA1153 in denying Myers's motion.

his cell phone was an issue that was raised and resolved in the Weld County appeal, "a prior appeal . . . on behalf of the same defendant."  Thus, we perceive no error in the postconviction court's denial of this "police misconduct" claim as successive because it was raised and resolved in the Weld County appeal.  And because Myers's argument that the district court erred by not suppressing the evidence from the search of the cell phone presumably was based on the alleged Fourth Amendment violation (Myers articulated no other basis for this claim in his Crim. P. 35(c) motion), we likewise perceive no error in the postconviction court's denial of this "judicial misconduct" claim on the same basis.

¶ 11    But even if the postconviction court erred by relying on the Weld County appeal to conclude that the cell phone seizure claim was successive, any such error was harmless.  Whether framed as "police misconduct" or "judicial misconduct," the claim was also successive because it *could have been raised* in *Myers I*.  *See* Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought . . . .").  We affirm the court's order on this alternative basis as well.  *See People v. Manyik*, 2016 COA 42, ¶ 69 ("We may affirm the court's ruling on

any ground supported by the record, even if that ground was not articulated or considered by the court.").

### 2.    *Miranda* Waiver Claim

¶ 12    The postconviction court denied Myers's *Miranda* waiver claim (framed as "police misconduct" and "judicial misconduct") as successive because it was raised and resolved in *Myers I.*  Indeed, in *Myers I,* the division rejected Myers's claim that the district court erred by not suppressing his statements to the police during the custodial interrogation because his *Miranda* waiver was not knowing, voluntary, and intelligent.  *Myers I,* ¶¶ 25-48.  As a result, to the extent Myers contends that the postconviction court erred by denying this claim on this basis, we disagree.  *See* Crim. P. 35(c)(3)(VI).

### 3.    Substitute Counsel Claim

¶ 13    The postconviction court rejected Myers's substitute counsel (framed as "judicial misconduct") claim as successive because it was raised and resolved in *Myers I.*  Indeed, the *Myers I* division denied Myers's claim that the district court erred by denying his motion for substitute counsel after conducting a conflict hearing before an independent judge.  *Myers I,* ¶¶ 81-97.  Thus, to the

extent Myers contends that the postconviction court erred by denying this claim on this basis, we disagree. *See* Crim. P. 35(c)(3)(VI).

### C. Ineffective Assistance of Counsel Claims

¶ 14 Myers contends that the postconviction court erred by summarily denying his claims of ineffective assistance of counsel. First, Myers argues that the postconviction court erred by denying his cell phone seizure, *Miranda* waiver, and substitute counsel claims as successive because they were in fact ineffective assistance of counsel claims, which were being raised for the first time in his Crim. P. 35(c) motion. Second, Myers argues that the postconviction court erred by denying his ineffective assistance claims (and the associated cumulative error claim) on the merits. We disagree.

### 1. Applicable Law on Ineffective Assistance of Counsel

¶ 15 A criminal defendant is constitutionally entitled to effective assistance of counsel. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16; *see Ardolino*, 69 P.3d at 76. To succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, in that it fell below the

minimum standard guaranteed by the Sixth Amendment; and (2) the defendant was prejudiced, in that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-94 (1984); *Dunlap v. People,* 173 P.3d 1054, 1063 (Colo. 2007). "Only where both the performance prong and the prejudice prong have been proven will a defendant be entitled to postconviction relief because of the ineffective assistance of counsel." *Dunlap,* 173 P.3d at 1063.

### 2.    Reformulated Claims

¶ 16    At the end of the "police misconduct" section of his Crim. P. 35(c) motion — which included the cell phone seizure and *Miranda* waiver claims — Myers asserted that "[r]ecords were available at [the] time of trial, but counsel failed to investigate[,] and this violated defendant's Sixth Amendment right to effective assistance of counsel." He also alleged that "[d]ue to incompetency, specifically a [traumatic brain injury (TBI)] and the psych meds defendant was on[,] [the detective] took advantage of defendant's state of mind," which violated *Miranda.* He wrote that "[t]rial counsel's failure to investigate this fact prejudiced defendant throughout pre-trial and

9

trial proceedings and ultimately violated his rights guaranteed by the United States Constitution." And at the end of the "judicial misconduct" section of his motion — which included the cell phone seizure, *Miranda* waiver, and substitute counsel claims — Myers asserted that "[d]efense counsel demonstrated trial ineffectiveness by failing to object and did not know the law."

¶ 17     In the "ineffective counsel" section of his Crim. P. 35(c) motion, Myers also alleged that

- he told trial counsel he was diagnosed with a TBI, had mental health concerns, and had physical injuries, and trial counsel "did not investigate this claim";

- trial counsel "neglected their duties" when Myers told them he was "confused and did not understand what was going on" because of his TBI; and

- trial counsel "rarely visited" him, did not answer any of his questions, and did not inform him what they were planning for his defense.

¶ 18     Presumably based on these statements, Myers contends that the postconviction court erred by not treating his cell phone seizure, *Miranda* waiver, and substitute counsel claims as ineffective

assistance of counsel claims. Even if the court should have recognized these claims as ineffective assistance claims, we conclude that reversal is not warranted. *See Manyik*, ¶ 69. We reach this conclusion for two reasons.

¶ 19 First, these claims of ineffective assistance of counsel are conclusory, vague, and lack detail; the postconviction court could have denied them on that basis. *See Chipman*, ¶ 25. In his Crim. P. 35(c) motion, Myers did not explain what "records" counsel failed to investigate that would have informed his cell phone seizure or *Miranda* waiver claims. He did not explain how the detective interrogating him "took advantage" of him in light of his TBI and medications or what information counsel's investigation into his mental and physical impairments would have yielded. He did not explain what objections trial counsel should have made or what law trial counsel should have argued with respect to the cell phone seizure, *Miranda* waiver, or substitute counsel claims. And he did not explain how any of trial counsel's purported failures would have altered the outcome of the proceeding. *See People v. Osorio*, 170 P.3d 796, 800 (Colo. App. 2007) (defendant must provide enough

11

detail "to explain why these actions were deficient [and] to place them in context").

¶ 20    On appeal, Myers asserts that the district court erroneously applied the inevitable discovery exception to the warrant requirement and faults trial counsel for not arguing the proper standards.  He also provides details about what he claims was coercive conduct by the detective conducting his interrogation and argues that trial counsel was "grossly ineffective" for failing to present those details to the district court.  And he argues that trial counsel "should have owned up to the fact they were not adequately keeping [Myers] informed and they were not communicating with [Myers], even at a minimally acceptable level," citing the Colorado Rules of Professional Conduct.  But because Myers did not make these arguments in his postconviction motion, we will not consider them now.  *See Cali*, ¶ 34.

¶ 21    Second, because these claims are "merely a reformulation" of Myers's direct appeal claims, they are successive under Crim. P. 35(c)(3)(VI).  *People v. Versteeg*, 165 P.3d 760, 768 (Colo. App. 2006), *overruled on other grounds by People v. Crabtree*, 2024 CO 40M; *see People v. Munkus*, 60 P.3d 767, 770 (Colo. App. 2002)

(concluding that the defendant's "reformulated claims" were successive). Even "an argument raised under Rule 35 which does not precisely duplicate an issue raised on appeal will be precluded if its review 'would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory.'" *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (quoting *People v. Bastardo,* 646 P.2d 382, 383 (Colo. 1982)); *see also Versteeg*, 165 P.3d at 768 ("A defendant may not use Crim. P. 35 to relitigate an issue that was resolved on direct appeal.").

¶ 22 To the extent Myers argues that the division's resolution of the cell phone seizure claim in the Weld County appeal cannot be considered, we have already rejected that argument. In that case, the division explained that the district court denied Myers's motion to suppress evidence stemming from the seizure of his cell phone on several grounds, including under the inevitable discovery doctrine and the exigent circumstances exception. *Myers II*, ¶ 36. The division concluded that the police lawfully seized Myers's cell phone pursuant to the exigent circumstances exception to the warrant requirement (not under the inevitable discovery doctrine) and affirmed the district court's ruling on that basis. *Id.* at ¶¶ 37, 39.

In his postconviction motion, Myers failed to allege anything trial counsel did or did not do that would have affected the division's resolution of this claim. Without such allegations, Myers's postconviction claim simply rehashed his direct appeal claim, and was successive.

¶ 23     To the extent Myers claims that trial counsel should have argued that the detective conducting his interrogation "took advantage" of him because of his TBI, the division in *Myers I* considered and rejected this claim. The division noted that Myers had "mentioned to the detective that months earlier, a light fixture had fallen on his head, causing a mild concussion, and that he was seeing a 'brain coach.'" *Myers I*, ¶ 18. It considered Myers's claim that his head injury prevented him from knowingly or intelligently waiving his *Miranda* rights. *Id.* at ¶ 40. And it considered his claim that the detective engaged in coercive conduct, rendering his *Miranda* waiver involuntary. *Id.* at ¶¶ 25, 28, 36-37. After reviewing the interrogation video de novo, the division concluded that Myers's *Miranda* waiver was knowing, voluntary, and intelligent. *Id.* at ¶ 32.

¶ 24     In his postconviction motion, Myers did not explain how trial counsel's alleged failure to investigate and present additional evidence and argument relating to his TBI, medications, or mental state would have altered the conclusion reached by the district court or the *Myers I* division.  Because these issues were addressed on direct appeal, Myers's postconviction claim merely sought a second review.  *See Rodriguez*, 914 P.2d at 249.

¶ 25     To the extent Myers argues that trial counsel did not adequately communicate with him, this claim simply rehashes his direct appeal claim, which the *Myers I* division rejected.  *See Myers I*, ¶¶ 81-97.  As the division explained, Myers raised his concerns about representation with the district court, including that counsel was not spending enough time on his case.  *Id.* at ¶ 89.  In affirming the district court's denial of the motion for substitute counsel, the division explained, among other things, that "Myers never alleged there had been a complete breakdown in communication between him and his public defenders."  *Id.* at ¶ 95.  Myers's postconviction claim seeks to relitigate that issue.  *See Versteeg*, 165 P.3d at 768.

### 3. Failure to Investigate

¶ 26 Myers raised several other ineffective assistance of counsel claims in his Crim. P. 35(c) motion. On appeal, in addition to the claims we have already addressed, Myers focuses on his claim that trial counsel was ineffective for failing to investigate the park where the incident occurred, how Myers found the victim on social media, and how Myers knew the precise whereabouts of the victim on the day of the incident.[4]

¶ 27 But Myers did not allege prejudice resulting from trial counsel's allegedly deficient investigation. He did not explain what counsel would have found had they investigated these issues or how that unspecified information would have altered the outcome of the case. And we decline to consider Myers's attempts to expand on this claim on appeal by providing additional detail and alleging prejudice in his opening brief. *See Cali,* ¶ 34; *see also Rodriguez,*

---

[4] Myers also alleged that trial counsel was ineffective for (1) advising him to waive his speedy trial rights; (2) advising him not to testify on his own behalf; (3) failing to inform him of his option to have a bench trial; and (4) failing to object to the district court's response to a jury question during deliberations. Because Myers does not address these claims on appeal, we deem them abandoned. *See Hunsaker,* ¶ 20.

16

914 P.2d at 251 (rejecting the defendant's "attempts to use his brief on . . . appeal to fortify a number of issues inadequately raised or supported by his [postconviction] motion"). Because Myers failed to demonstrate that, but for counsel's allegedly deficient performance, the outcome of the proceedings would have been different, the postconviction court properly denied this ineffective assistance of counsel claim. *See People v. Smith*, 2017 COA 12, ¶ 26 (affirming the summary denial of an ineffective assistance claim because, among other reasons, the defendant "fail[ed] to adequately allege the required prejudice"); *People v. Romero*, 2015 COA 7, ¶ 39 (affirming the summary denial of an ineffective assistance claim because the defendant "failed to allege facts demonstrating prejudice").

### 4. Cumulative Error

¶ 28 In its order denying Myers's motion, the postconviction court rejected his claim that the cumulative effect of trial counsel's allegedly deficient performance required reversal. Even assuming that the cumulative error doctrine applies to claims of ineffective assistance of counsel, a conclusion we do not reach, we have neither assumed nor concluded that any error occurred. Thus, we

affirm the court's rejection of this claim. *See People v. Shanks*, 2019 COA 160, ¶ 76 (for the cumulative error doctrine to apply, numerous errors must have been committed, not merely alleged).

## D. Unconstitutional Sentence

¶ 29 Finally, in his Crim. P. 35(c) motion, Myers argued that he "was sentenced under misinformation" in violation of *United States v. Tucker*, 404 U.S. 443 (1972).[5] The postconviction court denied this claim, concluding that there was nothing in "the record utilized for sentencing in this case or supplied by [Myers]" that was "materially untrue."

¶ 30 "Due process precludes sentencing a defendant based on 'misinformation of constitutional magnitude.'" *People v. Tuffo*, 209 P.3d 1226, 1231 (Colo. App. 2009) (quoting *Tucker*, 404 U.S. at 447). In other words, "due process requires that sentencing determinations be based on reliable evidence, not speculation or unfounded allegations." *Id.* (quoting *United States v. England*, 555 F.3d 616, 622 (7th Cir. 2009)).

---

[5] Myers also requested a proportionality review, which the postconviction court conducted. Because he does not reassert a challenge to the proportionality of his sentence on appeal, he has abandoned it. *See Hunsaker*, ¶ 20.

¶ 31 In his postconviction motion, Myers did not specify what "misinformation" the district court relied on for sentencing, let alone identify "misinformation of constitutional magnitude." *Id.* Because this allegation was vague, conclusory, and lacking detail, *see Chipman*, ¶ 25, we affirm the postconviction court's denial of this claim on a different ground, *see Manyik*, ¶ 69. In so doing, we again reject Myers's attempt to expand upon this claim in his opening brief by arguing that the district court should have been presented with evidence of his TBI and medications. *See Rodriguez*, 914 P.2d at 251. And to the extent that Myers tries to raise a new ineffective assistance of counsel claim related to sentencing, we will not consider it. *See Cali*, ¶ 34.

### E. Additional and Abandoned Claims

¶ 32 To the extent Myers raises any additional issues on appeal that he did not raise in his Crim. P. 35(c) motion, we decline to address them. *See id.* And to the extent Myers failed to raise on appeal any issues he raised in his Crim. P. 35(c) motion, he has abandoned those claims. *See People v. Hunsaker*, 2020 COA 48, ¶ 10, *aff'd*, 2021 CO 83.

## III.  Disposition

¶ 33    The order is affirmed.

JUDGE FOX and JUDGE MEIRINK concur.